# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REBECCA DANDY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 2:19-2454 |
| ETHICON, INC.; et al., | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                      **DECEMBER 13, 2019**

Presently before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative to Transfer Venue filed by Defendants, Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("Johnson & Johnson") (collectively, "Defendants"), the Memorandum in Response to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative to Transfer Venue filed by Plaintiff, Rebecca Dandy ("Plaintiff"), and Defendants' Reply. For the reasons noted below, we deny Defendants' Motion, but *sua sponte* transfer this action pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the District of New Jersey.

**I.     BACKGROUND**

In March 2011, Plaintiff, who is a resident of Roscommon, Michigan, received an implant of a surgical repair mesh packaged as Gynecare TVT-Obturator ("TVT-O"), during a surgical procedure by William E. Nowak, DO, performed in Traverse City, Michigan.[1] (Pl.'s

---

[1] Roscommon, Michigan, is located within the jurisdiction of the United States District Court for the Eastern District of Michigan. (Pl.'s Opp'n Defs.' Mot. to Dismiss or in the Alt. Tr. at 2 n.1; Defs.' Mem. Law Support Mot. to Dismiss or in the Alt. Tr. at 7 n.2.) Traverse City, Michigan, is located within the jurisdiction of the United States District Court for the Western District of Michigan. (Pl.'s Opp'n Defs.' Mot. to Dismiss or in the Alt. Tr. at 2 n.2; Defs.' Mem. Law Support Mot. to Dismiss or in the Alt. Tr. at 7 n.2.)

Opp'n Defs.' Mot. to Dismiss or in the Alt. Tr. at 2) (citing Compl. ¶¶ 1, 18). Plaintiff received the pelvic mesh product to treat her pelvic floor prolapse and/or urinary incontinence, but has since suffered permanent injury and requires corrective surgery as a result. (*Id.*) (citing Compl. ¶¶ 19–20).

On June 6, 2019, Plaintiff filed this action seeking compensatory and punitive damages and civil penalties, based on theories of negligence, gross negligence, strict liability for defective design and failure to warn, fraud, constructive fraud, negligent misrepresentation, negligent infliction of emotional distress, breach of warranty and violations of the Michigan Consumer Protection Act.[2] (*Id.*) Plaintiff sued the following entities: (1.) Johnson & Johnson, the world's largest and most diverse medical device and diagnostics company, which is headquartered in New Brunswick, New Jersey; (2.) Ethicon, a wholly-owned subsidiary of Johnson & Johnson, located in Sommerville, New Jersey; (3.) Gynecare, a division of Ethicon, located in Sommerville, New Jersey; (4.) Ethicon Women's Health & Urology, a division of Ethicon, located in Sommerville, New Jersey; and (5.) Secant Group, LLC ("Secant"), a medical device company located in Telford, Pennsylvania, that manufactured pelvic mesh products in Perkasie, Bucks County, Pennsylvania. (*Id.* at 2-3) (citing Compl. ¶¶ 2-7). Plaintiff voluntarily dismissed her claims against Secant. (*Id.* at 3 n.3) (citing Doc. No. 6).

The parties have not conducted any discovery. On July 11, 2019, Defendants filed their Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative to Transfer Venue, and Plaintiff Responded in Opposition on July 25, 2019. (*See* Doc. Nos. 3, 7.) Defendants filed a

---

[2] Under 28 U.S.C. § 1332, this Court has subject matter jurisdiction based on diversity because it is undisputed that the parties are citizens from different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states.").

Reply in support of their Motion on August 1, 2019.  (*See* Doc. No. 8.)  Defendants seek to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, and they also seek, in the alternative, a transfer of the action pursuant to 28 U.S.C. § 1404(a) to either the Eastern or Western District of Michigan.[3]  (*See* Defs.' Mot. to Dismiss or in the Alt. Tr.)

## II. LEGAL STANDARD

### A. Transfer - 28 U.S.C. §§ 1404(a) or 1406(a)

Under either 28 U.S.C. §§ 1404(a) or 1406(a), a federal district court may transfer a civil action to a different venue.  Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Section 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The United States Court of Appeals for the Third Circuit has set forth that "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper.  Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case."  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995); *see also Lafferty v. St. Riel*, 495 F.3d 72, 77 (3d Cir. 2007) ("Section § 1406(a) comes into play where plaintiffs file suit in an improper forum."). The burden of establishing the need for transfer rests with the movant. *Jumara*, 55 F.3d at 879 (citations omitted).  Also, the choice of venue by a plaintiff should not be lightly disturbed.  *Id.*

---

[3]Defendants also argue that venue would be proper in the District of New Jersey. (Defs.' Mem. Law Support Mot. to Dismiss or in the Alt. Tr. at 8.)

(citations omitted).

B. **Venue - 28 U.S.C. § 1391**

The proper venue for this civil action is defined by 28 U.S.C. § 1391, which states that venue is proper, except as otherwise provided by law, only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1391(c)(2), a corporation is deemed to reside "in any judicial district in which such defendant is subject to the Court's personal jurisdiction with respect to the civil action in question. . . ." 28 U.S.C. § 1391(c)(2).

### III. DISCUSSION

Defendants move for transfer pursuant to Section 1404(a); however, their Motion must be considered under Section 1406(a) because the Eastern District of Pennsylvania, which is the original venue, is not a proper venue for this action. Although Defendants brought this Motion pursuant to Section 1404(a), they admit that "venue is not proper in the Eastern District of Pennsylvania." (Defs.' Mem. Law Support Mot. to Dismiss or in the Alt. Tr. at 8.) Relying upon the facts that Plaintiff was implanted with the TVT-O, and allegedly continues to experience injuries, in Michigan and "Ethicon's corporate activities related to the design and marketing of the TVT-O occurred in New Jersey," Defendants argue that "[v]enue would be proper in the Eastern or Western Districts of Michigan or the District of New Jersey." (*Id.*)

4

Plaintiff argues that the Eastern District of Pennsylvania is her preferred forum, "the product that injured her was made here," and "the products themselves were manufactured in Pennsylvania." (Pl.'s Opp'n Defs.' Mot. to Dismiss or in the Alt. Tr. at 7-10.) Defendants reply to Plaintiff's arguments stating that Plaintiff is not a resident of Pennsylvania and "[t]he products were not manufactured in Pennsylvania; only a single component was." (Defs.' Reply at 7) (citations omitted); *see also Saint-Gobain Calmar, Inc. v. Nat'l Prod. Corp.*, 230 F. Supp. 2d 655, 659 (E.D. Pa. 2002) ("A plaintiff's choice of forum, however, is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based.").

It is generally recognized that a plaintiff's choice of forum should be honored; however, the Eastern District of Pennsylvania does not meet the requirements of Section 1391(b).[4] The Eastern District of Pennsylvania is not a permissible venue with respect to Plaintiff's Complaint under either 28 U.S.C. §§ 1391(b)(1) or (b)(2), which provide that venue is proper in the judicial district where any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. §§ 1391(b)(1), (2). Also, venue does not lay in this district pursuant to Section 1391(b)(3), which applies only when "there is no district in which an action may otherwise be brought," because Plaintiff could have brought this action in the District of New Jersey. *See* 28 U.S.C. §§ 1391(b)(1), (b)(3).

---

[4]The parties focus their arguments, albeit under the private and public interest factors pursuant to a Section 1404(a) analysis, on the Eastern and Western Districts of Michigan. Part of the arguments focus on Plaintiff's course of treatment; however, we note that the facts regarding Plaintiff's course of treatment are unavailable at this time since she has not set them forth and it is unclear from the record. We also point out that Plaintiff fought Defendants' attempts to have this action in her home state, including the Eastern District of Michigan, which is the District in which she resides. (*See* Pl.'s Opp'n Defs.' Mot. to Dismiss or in the Alt. Tr. at 8) ("Conspicuously absent is any evidence showing that litigation in Michigan would be more convenient for either party."). We will focus our venue analysis on the District of New Jersey because it so clearly meets 28 U.S.C. § 1391(b)(1).

Under Section 1391(b)(1), venue is proper in the District of New Jersey because all of the Defendants in this action reside there. *See* 28 U.S.C. §§ 1391(b)(1), 1391(c)(2). As Defendants point out in their Motion, "Defendants are incorporated and have their principal places of business in the State of New Jersey." (Defs.' Mem. Law Support Mot. to Dismiss or in the Alt. Tr. at 1.) There is no question that venue is proper in New Jersey under Section 1391(b)(1).

Despite Plaintiff's clearly expressed choice, we find that the Eastern District of Pennsylvania is not a proper venue for this action. Consequently, Defendants' arguments for transfer must be considered under Section 1406(a). *See SMA Med. Labs. v. Advanced Clinical Lab. Sols., Inc.*, No. 17-3777, 2018 WL 3388325, at *2 (E.D. Pa. July 12, 2018) ("While § 1406 permits either the dismissal or the transfer of a case where venue is not proper in the original forum, § 1404(a) 'provides for the transfer of a case where both the original and the requested venue are proper.'") (quoting *Jumara*, 55 F.3d at 878-79); *Cote v. U.S. Silica Co.*, No. 18-0835, 2018 WL 3032866, at *1 (E.D. Pa. June 19, 2018) ("Analysis of a request for transfer under § 1404(a) generally has two components. First, both the original venue and the requested venue must be proper.").

Section 1406(a) is clear that a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Pursuant to 28 U.S.C. § 1406(a), we find that it is in the interest of justice to transfer this action to the District of New Jersey where Plaintiff could have originally started suit. *See Skidmore v. Led Zeppelin*, 106 F. Supp. 3d 581, 589 n.3 (E.D. Pa. 2015) ("Although Defendants have not moved for transfer pursuant to § 1406(a), a court may transfer a case pursuant to this statute either upon motion by the defendant or sua sponte 'when such

a transfer is in the interest of justice.'") (quoting *Decker v. Dyson,* 165 F. App'x. 951, 954 n.3 (3d Cir. 2006); *Lafferty*, 495 F.3d at 75 n.3).

"The language of 28 U.S.C. § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *see also Skidmore*, 106 F. Supp. 3d at 588 (stating that "a court can transfer the case to a forum in which it could have been brought even if it lacks personal jurisdiction over the defendant"). Since the venue issue is clear and dispositive, we will decide the issue of venue before that of personal jurisdiction. Thus, we need not decide Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. However, in passing, we note that Defendants will not have any personal jurisdiction issues in the District of New Jersey.

For the reasons set forth above, we will deny Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative to Transfer Venue. In the Court's discretion, we will transfer the action under 28 U.S.C. § 1406(a). This matter shall be transferred to the United States District Court for the District of New Jersey.

An appropriate Order follows.